The next case is Does v. Suffolk County Good morning. May it please the court, my name is Amy Bellantoni and I represent the appellants here, John Does 1-10. The district court decision in this case should be reversed. The court committed reversible error in sui sponte, dismissing the complaint filed in this case below, based on or under the doctrine of abstention. Counsel? Yes, Your Honor. Have any of the plaintiffs been contacted further about the guns or have they been threatened with arrest or seizure of the weapons? As a result of the pending lawsuit, it is my belief that that's the basis for them not having been contacted, that the Suffolk County has not gone further in trying to seize their firearms. So you're alleging no personal harm, then, of the plaintiffs? No, I'm alleging that the county's policy is causing them great harm because they own property that has basically been rendered useless because it's been deemed by the county to be illegal. But isn't it speculative on your part to assume harm since no harm has come to them? And it doesn't appear that the county is interested in enforcing this particular ordinance? The county has been enforcing the ordinance, Your Honor. How have they been enforcing it? They're enforcing it by, they've seized hundreds of thousands of, I'm sorry, hundreds of guns so far. Have they seized any of John Does 1-10's guns? They have not yet seized their guns, no, Your Honor, but the policy remains in effect. The threat of arrest remains in effect. They've seized another client's firearms. He lives in Nassau County. That's pending in the Eastern District of New York before Judge Siebert, who has stayed the case pending the outcome of this appeal. That's the matter of Wilson v. Suffolk County. Can I ask you to address the fact that your clients have proceeded anonymously? Rule 10A provides the title of a complaint, must name all the parties, and it's not a trifling requirement. It facilitates public scrutiny of judicial proceedings. Why should we be proceeding to the merits of this matter when your clients did not, took this appeal rather than refile and reveal their identities before the district court as the district court deemed appropriate? Yes, Your Honor, the district court did not go through the factors that were required under sealed plaintiff v. sealed defendant. Normally when there is a lawsuit brought against the government, the public policy interests are lessened to the extent that the policy being challenged or the claims being brought against the government will affect the public at large. It's more of a general interest in the outcome rather than the specific interest of identifying who the actual plaintiffs are. Secondly, the individuals who are being targeted by the Suffolk County policy are a finite group of individuals. The names of the individuals who had purchased the CT-428 from a licensed firearms dealer in Suffolk County, Jerry's Firearms, they're a limited group of people. So it would not be difficult for the police to extrapolate the individuals who have surrendered their firearms or who have had their firearms confiscated and compare those against the individuals who have not. None of the plaintiffs here have surrendered their firearms or have had them confiscated, isn't that correct? That's correct. But through that extrapolation and discounting the people from the list that they've already seized guns from, it would not be difficult for them to identify. So if they've seized guns from other people, why haven't those people come in as plaintiffs? Why do you have people who haven't been harmed by this? Well, the harm is the taking of their private property, which is- None of the plaintiffs have had their private property taken, as you've just admitted, correct? They have not. They have not surrendered their property. They're still- Why don't you add to the class? Why didn't you add to the class those members of the public whose guns have been taken? Your Honor, I didn't have the opportunity to do anything with regard to pursuing a class. And the allegations in the complaint do include those similarly situated to cover those individuals whose guns have been taken. And I did bring Mr. Wilson's case in the Eastern District as well. But this case was sua sponte, dismissed the day after the affidavit of service on the county was filed on ECF. And your clients were given leave to replead. They could have brought a new complaint, an amended complaint. Respectfully, there was nothing to amend in the complaint, Your Honor, because my clients now are not representing- They could have identified themselves. That would be one thing. They could have addressed some of the concerns expressed by the district court with regard to whether they've been injured, whether this would intrude on separation of powers or prosecutorial functions. Your Honor, they did not identify themselves without the injunction. We first wanted to get an injunction to stay or enjoin the county's policy. And then we had no problem disclosing the names and identities of the clients. But once they're identified, then it leaves them vulnerable to being arrested by the county under this policy. But the county knows who they are. Isn't that correct? Because they have the registration from Joe's Firearms? Yes, the county knows all of the individuals. But they haven't been arrested. There's no hint that they were getting close to being arrested, correct? No, but the policy remains. I don't know how close. Actually, I can't speak to that. I don't know how close the county was to enforcing their policy and arresting individuals until this lawsuit was filed. Do you know of your own knowledge that the county has arrested anyone for owning this particular gun? I don't have knowledge of any arrests being made, Your Honor. But I do know that hundreds of firearms that are perfectly legal to own and possess in this state have been seized under this policy. Including those that are shown, those that your clients have, same firearms? It's the exact same firearm, yes. The county specifically targeted the Delta Level Defense C242A other firearm, which recently, as indicated in the Rule 28J letter that was filed with the court yesterday, Governor Hochul, along with the superintendent of the New York State Police, expressly stated that that firearm and other firearms, they're classified as others, are not illegal under the penal law. They are perfectly legal to own and possess in this state. And that's why the abstention doctrine does not apply here, because at no point were we challenging the penal law or any state statute. We were challenging an unlawful and rogue policy of the Suffolk County Police Department that sought to criminalize an object that is completely legal to possess and own. But a policy, this is echoing my colleague, that it doesn't seem to which your clients have been subjected. I mean, you haven't been subject, they haven't been subject to a search or seizure. The Fourth Amendment hasn't been triggered. The Fifth Amendment hasn't been triggered because there's been no taking with regard to them. And all that has happened with regard to due process is that they received a letter in the mail. So it's difficult, especially given that your clients are also determined to proceed without identifying themselves, to make a great deal of sense of the complaint, frankly. Well, they've identified that they do own these firearms that are being targeted by the county. They've identified that the firearms are useless at this point. So it is a taking under the Fifth Amendment to the extent that they're rendered useless. They can't take them out target shooting. They couldn't take them hunting if they chose to do that. Can't take them to any elementary school and start shooting kids either. So, Your Honor, my clients are law-abiding citizens who have undergone a very rigorous background check, as New York State requires them to undergo through the federal government, through the NICS system, through New York State's own database. A firearm in their hands is not a dangerous thing because they are law-abiding individuals. Thank you. May it please the court, my name is Arlene Zwilling. I represent Suffolk County in this matter. We are now almost a year out from the filing of the case. No one has been arrested by Suffolk County for possession of this weapon. Have any guns been confiscated, as counsel alleged? No. There were some gun owners that chose to surrender their weapons voluntarily when they received the letter. But the county has not taken anyone's gun. There has been no seizure. What did you do with the confiscated weapons? Have you kept them and destroyed them? No, Your Honor. The county has no intention to hold them permanently. As counsel for the appellants mentioned, there is currently a criminal prosecution going on of the gun dealer who sold these weapons. The district attorney is hoping to work out some agreement whereby the gun dealer will pay for these weapons to be modified to comply with certain laws. Can I step back and ask you to tell me why Suffolk County had a special interest in this particular gun? And why it merits bringing in for inspection? What is there about this gun that interested Suffolk County that much? Well, I think the best way to sum it up is this metaphor, Your Honor. Tying a red ribbon around an assault weapon simply makes it an assault weapon with a red ribbon tied around it. These weapons are functionally assault weapons. They are the proverbial one tweak away. A tweak made to cosmetically claim that they do not fit the assault weapons ban. I should also add that Suffolk County is not the only jurisdiction in the state that takes the view that these are prohibited weapons under the New York State assault ban. The New York State police is also of that view. Do you agree with your adversary that there's no judicial ruling by any state court as to the applicability of New York law to this particular gun? I would agree, and that extends both ways, Your Honor. The state courts have never addressed the question, and therefore there is no ruling affirming that this gun is not an assault weapon, just as there is no ruling of the state courts that it is an assault weapon. That is one of the reasons, or one of the underlying reasons, I should say, that induced district court to restrain itself from getting involved in this case, and a reason why that decision should not be disturbed by this court. The district court's determination that the plaintiffs have no Section 1983 claims basically stood on three legs, and each of those three legs, we believe, is well-grounded and in itself a sufficient basis for affirmance. Notably, the does don't take issue with one of those bases for the dismissal, and that is that the constitutional prescription against advisory opinions would be transgressed were the federal courts to grant the plaintiffs the relief they seek, because, again, no one has been arrested or prosecuted or had their weapons seized. And threats are not enough. A policeman's threat is not enough. A policeman's threat is not enough. I would not characterize it as a threat, Judge. Were it a threat? Yes. Whatever effect it had in light of the year that has passed without any further action, it should be obvious that it is little more than a request that the holders of these weapons bring their guns in to arrange for compliance or otherwise modify their weapons so that they cannot be used as assault weapons. The district court also recognized that there was separation of powers concerns that would be implicated were it to grant plaintiffs the relief they seek, and Congress has already expressed its desire that the federal courts not interfere in state proceedings by enacting Section 2283. In Gijon, this court described the purpose of Section 2283 as a statute designed to limit federal court interference in judicial proceedings. Gijon does not, as the appellants suggest, create an exception in their favor to Section 2283, because Gijon requires that a party have been both prosecuted and subjected to a harm collateral to that prosecution. Here, there has not been any prosecution, so needless to say, there can be no collateral harm. The undesirability of interfering with state prosecutorial discretion would be compounded here by the fact that to afford the does any of the relief they seek, the federal courts, what is the panel has noted, necessarily have to decide the threshold issue of whether or not the C2428 is a banned assault weapon under New York State law. And that is because of the manner in which the does frame their case. Since they chose to seek to hold only the county liable under Monell, they obviously could not prevail by establishing simply that a ban on the C2428 abridges their constitutional rights. They'd also have to show that the county made an affirmative and discreet policy choice to ban a firearm that is legal under New York State law. And again, there has been no such determination. It's the presence of this unavoidable threshold issue under the New York penal law that militates against the involvement of the federal courts. Council, has Suffolk County been interested in getting any other guns? There's a ban on assault weapons, and this, you claim, is close and could be an assault weapon with the modest change, the tweak, as you called it. Are there any other weapons that Suffolk County has been interested in besides this one? I am not aware of any others, and I believe it to be the case that there are no other such weapons. So by answering no, can I assume that there are no assault weapons in Suffolk County? Well, there are certainly assault weapons. The distinction is whether the court is inquiring at whether the county has taken the position that certain weapons are assault weapons, but that position is disputed by the owners. I am not aware of any other situation in which there is such a disagreement as to the legality of a particular weapon. So there would be no need for such, if it was an assault weapon, there would be no need for such a letter? Yes, if it is an assault weapon, as we contend it is, there would be no role for the courts to play against the county. Well, I'm asking whether a letter such as the one that Suffolk County sent out would be used if it was clearly an assault weapon. Given that the plaintiffs have quite publicly taken the position that it is not, it is possible that such a letter may have been necessary. It certainly would seem to be a reasonable preliminary to having law enforcement affirmatively take steps to seize weapons. I'm just suggesting that there are no letters like this, because if it is clearly an assault weapon, there's no need for a letter like this. I'd like to believe that's the case, Your Honor. But in fact, there are gun owners who take the position that this is not a manned weapon. Assault? I know this, my point is precisely, it's obviously not clear, but my point is precisely that because this particular weapon, there's some question about whether it's an assault weapon. That makes it different from cases in which they are clearly assault weapons. Yes, Your Honor, but the county is of the view that that is not a legitimate question, that this firearm is plainly within the assault weapons ban. You know, I am having difficulty. I mean, the theory of injury seems to be here that, listen, I've been threatened with arrest. This has affected my behavior. Because of this threat, I'm not doing things I would otherwise do. I'm keeping this weapon at home. And my position is it doesn't fall within state law. If I read the complaint to say all those things, haven't they alleged injury? Well, Your Honor, they have the simple expedient available to them of performing the modification that the county is requesting. But they say that the state law doesn't require them to do so. As I understand, that would be their position, yes. I guess I'm asking precisely what abstention doctrine are you arguing we should invoke in order not to hear this case? Well, district court did not explicitly invoke any abstention doctrine. The basis for its decision, rather than the abstention doctrines, were that it would exceed its authority, or the federal court's authority, would be exceeded under Ex Parte Young were the court to proceed with the case. Two, that separation of powers, which properly requires the federal courts to refrain from getting involved in state prosecutions, warranted dismissal of the case. But there was no state prosecution of these ten plaintiffs, is there? Well, there has been no prosecution, which is all the more reason why there is no ripe merits dispute here. And again, we are now almost a year from the filing of the complaint. Counsel, forgive my ignorance, but assault weapons are banned by Suffolk County and or New York State, either or? There is an assault weapons ban in the New York State penal law, obviously state law. The county does not have a separate assault ban of its own that's been codified. The county is of the view that this particular weapon is already covered under the penal law assault weapons ban. So it's not a separate Suffolk County law. No. But the Suffolk County law enforcement people can nonetheless apply the law and pursue violations of the law, even though it's a state law. That's correct, and obviously the county police and prosecutors are required to enforce the state penal law. But yes, there is no separate Suffolk County code or other statute. No, nor is it necessary under the expected math. The county's position is that it is not necessary because the weapon is already covered under the penal law assault weapons ban. Is it necessary for us to reach the merits of this matter if the plaintiffs were properly denied the ability to proceed anonymously and yet it persisted in that course of action? I believe the short answer to that is no, Judge. If there are no further questions from the panel, the county will rely on its brief for the remainder of the arguments. Thank you. Thank you. If my clients had a kilo of cocaine in their home, they certainly would not be receiving a letter from the Suffolk County Police Department. The police would go and get a warrant based on probable cause to enter their houses and seize the cocaine from them. That's an obvious scenario. The letter was sent because there is no penal law provision under which these firearms are illegal. That was reiterated by the governor on May 18th and the president of the superintendent of the state police. We filed a Rule 28J letter yesterday. My colleague on the other side filed her response and with her response was gracious enough to provide the governor's memorandum, which is proposing legislation to criminalize or to regulate these other firearms. This memorandum in and of itself demonstrates that there is no law criminalizing or outlawing these other firearms. So in the absence of any penal law statute making these firearms illegal, no surrender of these firearms is voluntary. The governor's statement establishes that as a matter of law? The fact that there is a bill being introduced by the governor trying to make these weapons illegal and her statements in conjunction with the head law enforcement officer in our state saying that they are not presently illegal, demonstrates that they are not presently illegal. Perhaps it demonstrates a political position taken by the governor of the state. The problem here, Your Honor, respectfully, is that we never had an opportunity to go before the court and to have a hearing to put the county to their proof. They keep talking about the county wants the modifications to comply, but they never say what specific law they want compliance with. There are no modifications to be made here. We're not challenging the penal law. The opposing counsel says these are assault weapons. Well, that's not true, and that's why there should have been an evidentiary hearing, because the complaint is very specific. The TRO application had sworn declarations of facts contained in them about the specifications of these firearms, and they do not fit within the penal law. Criminal statutes, as you're very well aware, are very specific, and the public cannot know how they're supposed to act and what things they can do legally unless the law enforcement follows the specific language in the penal law statute. My clients and whoever they bought the firearms from followed the penal law. They followed the specific characteristics of what constitutes an assault weapon, and these firearms do not. They do not. And it was premature, and it was a reversible error for the district court to dismiss the complaint without putting the county to their proof, because this is a taking. And I know that they haven't turned their guns over, but they might as well have, because they can't use them. They've been rendered meaningless and useless. They can't take them out of their homes. Maybe they've been forced to sell them, but they don't have the value. Do you have a case that says that a taking under the Constitution includes somebody saying something that means that this kind of interaction is enough to constitute a taking? I do believe, Your Honor, there are cases in the brief that talk about the slightest infringement into property rights, so the slightest infringement into the rights that you have, either whether it's real estate property or tangible property. And this is an infringement into their ownership of their property, because they're being threatened with arrest. Whether that's a lawful arrest or not will be immaterial, because they will have already been arrested. And the case law is clear that you don't have to subject yourself to imminent, if you're being imminently harmed and threatened with arrest, which they are, you don't have to subject yourself to actually being arrested to prove a harm. Taking the flip side, they would have to be arrested and or surrender their property to the Suffolk County Police Department under no penal law statute that's recognizable. And then, only then, could they bring an action and be considered to have been damaged. But I submit they're being damaged now. You're saying that for it to be a taking, they would have to do that. Under my question. I'm sorry, I didn't hear you. I don't blame you. I'm saying that, I was asking about a taking. And you're saying, in your response, you were saying that that's what would be required. That's all that's required for there to be a taking. Well, under the Fifth Amendment Takings Clause, it is an infringement of, it's the taking of private property without recompense. So they have essentially nullified my client's property interest in their firearms by saying that they're going to be arrested. That would be, under our theory, a taking under the Fifth Amendment. Because it interferes with their use of their property. It is interfering with their use. Any interference with use of property is a taking. If the government is interfering to a substantial extent, which I submit that this is, with their property, as it's been evidenced by their taking of other people's and seizing their property, then it would be. I would just ask, Your Honors, I would just also bring up that I had mentioned the Wilson case. That has currently stayed pending the decision before this court. And that client is from Nassau County, and he actually did, they did confiscate his firearms. They have been taken. So I would just ask that however the court rules, just please keep that in mind, that he actually has given up his firearms. The counsel for Suffolk County said no guns have been taken. That's not true. This is why we need an evidentiary hearing. Everything that's been submitted from the other side has been without the penalty of perjury. Memorandums of law and arguments and supposition. But there needs to be an evidentiary hearing. People need to be under oath and under the penalty of perjury and specifically called on to put their money where their mouth is when it comes to this policy. Hundreds of guns have been taken by the Suffolk County Police Department without recompense. Under a theoretical belief that these guns are a violation of the penal law, which they are not. Your theory- This type of gun, I'm sorry. This type of gun. This exact gun, C242A, yes. And your theory as to why your clients are entitled to proceed in this matter as does, is that even though the Suffolk County is already aware of their identities by virtue of the fact, we know that, by virtue of the fact that the complaint tells us they received a letter, that other harms will come to them because they have stepped forward in this action. Is that what it boils down to? Yes, the letter, if I may, the letter specifically states, if you do not surrender your firearms within 15 days of this letter, you will be subject to arrest and prosecution. They have no, that's never been rescinded, and they have no reason to believe- But they know who these people are, I think that's what- They wrote letters to them, so they obviously know who they are. I don't see what further harm would come along that dimension from identifying, the plaintiffs identifying themselves publicly. The fear is limited to the possibility of arrest. If the court finds that they should not proceed as does, then my clients would be fine with that to the extent that there is a restraining order in place until we can have an evidentiary hearing. It's a very short amount of time. Can I ask a question of Suffolk County as a sort of mini? Thanks, I want to ask a question of the county. Thank you. Counsel, you said that no guns have been taken, and opposing counsel says that's just wrong. Can you tell us that you stand by the statement that no guns have been taken under this ordinance? Mr. Wilson, who is not a plaintiff in this case, he is not one of the John Does, did not have his gun seized. It is the county's position that he initiated a surrender to the police. So the county didn't initiate a taking of him, he surrendered? That's correct. The county has applied for no warrants. It has taken no weapons from anyone's home over the objection of the gun owner. Thanks. Thank you. May I just briefly respond to that? Just briefly, Your Honor. If the police are going to take firearms or if the police are going to take property that they don't have any probable cause to believe is illegal, that's a taking. The fact that someone may be coerced or afraid and that is the impetus and the motivation for them to turn something over does not make it voluntary. We understand the disagreement between the parties as to this matter. We'll take the matter under advisement.